Filed 10/28/13  In re D.P. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. D.P., Defendant and Appellant. | A138289 (Contra Costa County Super. Ct. No. J1300102) |

Appellant D.P. appeals from a final judgment disposing of all issues between the parties.  Appellant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

A petition was filed seeking to have appellant adjudged a ward of the court (Welf. & Inst. Code, § 602, subd. (a)), and alleged one count of second degree robbery (Pen. Code, § 211, 212.5, subd. (c)), one count of battery (Pen. Code, § 242, 243, subd. (a)), and one count of dissuading a witness from testifying (Pen. Code,

1

§ 136.1, subd. (a)(1)).  Appellant initially entered a denial to the allegations and was ordered to be detained.

On February 5, 2013,[1] as part of a negotiated disposition, appellant admitted the truth of the allegations of battery and dissuading a witness, and those of a new amended count of grand theft (count four).  In return, the felony count of second degree robbery was dismissed by the prosecutor.  In entering this plea, appellant agreed to waive his constitutional rights to a jurisdictional hearing, including, among other things, his right to produce and examine witnesses, and to remain silent.  The maximum period of confinement was set at one year six months, and appellant was so advised.  The matter was continued to February 20 for a dispositional hearing.  Appellant was order detained at juvenile hall pending the disposition hearing.

At the dispositional hearing on February 20, the court declared appellant to be a ward of the court, and ordered that he be placed at the Orin Allen Youth Rehabilitation Facility (OAYRF) for six months, after which time he was placed on probation with conditions imposed.[2]

We have reviewed the entire record, including the transcript of the hearing at which appellant entered his plea of no contest and the dispositional hearings.  There was no error in the disposition, as it was fully supported factually, and was chosen by the trial judge in accordance with applicable juvenile law principles.  Appellant was represented by counsel throughout the proceedings, was fully admonished of the rights he was waiving by entering into the negotiated disposition and its consequences.  We have concluded there are no meritorious issues to be argued or that require further briefing on appeal.

---

[1] All further dates are in the calendar year 2013, unless otherwise indicated.

[2] Following the disposition and placement, appellant was cited for violating the terms of his probation on March 24 when he assaulted another resident at OAYRF.  He admitted this violation at a subsequent hearing, and 30 days confinement at OAYRF were added to his commitment period.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:


_____
REARDON, J.


_____
HUMES, J.